# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JASIN OLIPHANT, | ) Case No. 3:18-cv-0861 |
| Petitioner | ) Judge Dan Aaron Polster |
| v. | ) **OPINION AND ORDER** |
| WARDEN WAINWRIGHT, | ) |
| Respondent. | ) |

Before the Court is the Report and Recommendation ("R & R") of Magistrate Judge Jonathan D. Greenberg in the above-entitled action, **Doc #: 11**. The Magistrate Judge recommends the Court dismiss Petitioner Jasin Oliphant's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus by a person in State Custody, Doc #: 1, because both of the grounds are without merit, Doc #: 11. On November 22, 2019, Oliphant timely filed objections to Magistrate Judge Greenberg's R & R. Doc #: 13. Oliphant objects to the R & R, asserting that Grounds One and Two have merit and that the R & R fails to discuss a certificate of appealability ("COA"). *Id.*

## I. Grounds One and Two

The Court has reviewed the Magistrate Judge's R & R and agrees that Grounds One and Two do not present a decision contrary to or an unreasonable application of clearly established federal law. Therefore, both grounds are without merit.

Oliphant's Objections regarding Grounds One and Two rehash the arguments addressed by the Magistrate Judge. The Federal Magistrates Act requires a district court to conduct a *de novo* review of those portions of the R & R to which an objection has been made. 28 U.S.C.

§ 636(b)(1). However, an Objection to an R & R is not meant to be simply a vehicle to rehash arguments set forth in the petition, and the Court is under no obligation to review *de novo* objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs. *Roberts v. Warden, Toledo Correctional Inst.*, No. 1:08-CV-00113, 2010 U.S. Dist. LEXIS 70683, at *22, 2010 WL 2794246, at *7 (S.D. Ohio Jul. 14, 2010) (citation omitted); see *Sackall v. Heckler*, 104 F.R.D. 401, 402 (D.R.I. 1984) ("These rules serve a clear and sensible purpose: if the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate . . . ."); *O'Brien v. Colvin*, No. CIV.A. 12-6690, 2014 WL 4632222, at *3, 2014 U.S. Dist. LEXIS 129179, at *7–8 (E.D. Pa. Sept. 16, 2014) (collecting cases); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."). The Court need not afford *de novo* review to objections which merely rehash arguments presented to and considered by the magistrate judge. Thus, the Court overrules Oliphant's objections regarding Counts One and Two.

## II.    Certificate of Appealability

Oliphant also asserts that he is entitled to a COA, a matter which the Magistrate Judge did not address. Doc #: 13 at 6. He argues that he is entitled to a COA on two issues: (1) the

credibility of an attorney "when he has been proven to have lied to the bar meaning that any further averments are highly suspect;" and (2) "when an attorney lies to his client to induce a plea is the resulting plea unconstitutional?" Doc #: 13 at 6.

A habeas corpus petitioner may not appeal a denial of an application unless a judge issues a COA. 28 U.S.C. § 2253(c)(3). A judge may issue a COA when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "a substantial showing requires the applicant to 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issue (in a different manner); or that the questions are adequate to deserve encouragement to proceed further.'" *Hicks v. Johnson*, 186 F.3d 643, 636 (5th Cir. 1999) (internal quotations omitted); *accord Slack v. McDaniel*, 529 U.S. 476, 483-484 (2000).

Here, the issues Oliphant raise do not warrant a COA. Oliphant's Grounds lack merit because the evidence refutes the contention that Oliphant's lawyer was dishonest. Oliphant's lawyer was not "proven to have lied to the bar." Rather, the trial court explicitly found that the lawyer did not lie to the Loran County Bar. Doc #:8-1, Exh. 18 at 21. Furthermore, Oliphant's argument that his lawyer lied to him by telling him that he would receive a sentence of 6 years is unsupported. Oliphant was warned, and confirmed he understood, that his sentence could be as high as 13 years and six months in the plea form and during the plea hearing. Doc #: 8-2 at 8. He also told the state trial court during the plea hearing that no promises were made regarding his sentence. Doc #: 10 at 3. Thus, the issues Oliphant raise are not debatable among jurists of reason, no court could resolve the issues differently, and there are no questions adequate to deserve encouragement to proceed further. Accordingly, this Court declines to issue a COA.

Thus, the Court hereby **OVERRULES** Oliphant's Objections (Doc. # 13) and adopts the Report and Recommendation in full.  Accordingly, Oliphant's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster December 2, 2019*
**Dan Aaron Polster**
**United States District Judge**